IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50838
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO GOMEZ-SOTO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-323-1-H
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Pedro Gomez-Soto appeals his conviction and sentence following a guilty plea to attempting to reenter the United States following deportation, a violation of 8 U.S.C. § 1326. Gomez argues (1) that the factual basis was insufficient to support his guilty plea and (2) that he was entitled to a three-point reduction pursuant to § 2X1.1 of the Sentencing Guidelines.

Applying de novo review, we hold that the factual basis was sufficient to support a finding by the district court that Gomez possessed the requisite intent, specific or otherwise, to be

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found guilty of the crime of attempted reentry. Gomez testified under oath at his rearraignment that his intended destination was his sister-in-law's home in Kansas, where he intended to gain employment at a slaughterhouse. His argument is therefore meritless.

We further hold that Gomez was correctly sentenced. We apply plain-error review to this argument because no such objection was lodged in the district court. See United States v. Thames, 214 F.3d 608, 612 (5th Cir. 2000). Section 2X1.1(b) instructs the district court in cases of crimes of "attempt" to decrease the base offense level by three levels "unless . . . the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." Even if it is assumed in arguendo that § 2X1.1 would apply to Gomez, it affords him no relief because the circumstances indicate that Gomez would have illegally entered the United States to work in Kansas but for the intervention of the United States border patrol. The district court therefore did not commit plain error in not reducing his offense level.

AFFIRMED.